USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/10/2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
STEPHEN JACKS,

                Petitioner,          09 Civ. 8768 (DAB)
                                                 ORDER

    -against-

JOHN LEMPKE, Superintendent Five Points
Correctional Facility,

                Defendant.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    On July 23, 2012, United States Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus be DENIED. (Report at 1, 23.) For the reasons set forth below, after a *de novo* review following Petitioner's objections, the Report and Recommendation of Magistrate Judge Maas dated July 23, 2012 shall be adopted in its entirety. Accordingly, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus.

I.    Objections to the Report and Recommendation

    "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is

no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); see also Ortiz v. Barkley, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

Petitioner submitted timely letter Objections on August 20, 2012, and Respondent submitted a timely letter response to the Objections on August 27, 2012.

Petitioner objects that the Report relies on Petitioner's statements during his guilty plea allocution in determining that

2

Petitioner's plea was intelligent and voluntary. This, Petitioner contends, was error, because Petitioner's statements at his plea were coerced for the same reasons that the plea itself was coerced. The Court reviews the Report de novo as appropriate to the specific objections of Petitioner.

II. The Verity of Petitioner's Plea Allocution

Petitioner objects that his plea allocution cannot be considered as evidence that his plea was voluntary and intelligent, because, Petitioner argues, his allocution was motivated by the same impermissible conditions of confinement that motivated his decision to plead guilty.

On a Section 2254 habeas case challenging a state conviction, the District Court "may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). As the Magistrate Judge found, (Report at 21), the statements made by a defendant during his guilty plea "carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's latter

3

attempt to contradict them." Adames v. United States, 171 F.3d 728, 732 (2d Cir. 1999).

Petitioner's arguments concerning his guilty plea and allocution were raised before the state court on direct appeal. However, Petitioner has cited no Supreme Court case holding that a defendant's plea allocution is not subject to a presumption of truthfulness if that defendant is held in conditions he considers onerous, and Petitioner has cited no Supreme Court case holding that the conditions of confinement materially indistinguishable from those Petitioner faced at the time he entered his plea rendered a similarly-situated defendant incapable of intelligently and voluntarily entering a plea of guilty. Nor has Petitioner otherwise shown that the state appellate court decided the question of whether Petitioner's plea was voluntary and intelligent in a manner contrary to federal law as determined by the Supreme Court. Accordingly, the Petition must be DENIED.

III. CONCLUSION

Having conducted the appropriate levels of review of the Report and Recommendation of United States Magistrate Judge Frank Maas dated July 23, 2012, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations and legal conclusions in their entirety. Accordingly, Petitioner's petition is DENIED

4

in its entirety. The Clerk of Court is directed to close the docket in this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. §2253.

SO ORDERED.

Dated:    New York, New York

          September 10, 2012

                                    _____
                                         Deborah A. Batts
                                    United States District Judge